# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| **STATE OF DELAWARE** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No. 91009844DI** |
| **CHRISTOPHER DESMOND** | ) | |
| | ) | |
| **Defendant.** | ) | |

Submitted: March 28, 2022
Decided: May 4, 2022

## ORDER DENYING MOTION FOR POST CONVICTION RELIEF

This 4th day of May, 2022, upon consideration of Defendant's Sixteenth Motion for Postconviction Relief, it appears to the Court that:

1. Defendant was convicted in November of 1992, following a jury trial, of several dozen criminal offenses in connection with a series of armed robberies of different businesses located in New Castle County, Delaware, which took place between 1990 and 1991. Defendant's convictions include ten (10) counts of Robbery in the First Degree and three (3) counts of Theft. In January of 1993, Defendant was sentenced to seventy-eight (78) years of Level V incarceration.[1]

2. Defendant has filed numerous unsuccessful petitions, motions, and appeals in this Court, the Supreme Court of Delaware, the United States District Court for the District of Delaware, the Third Circuit Court of Appeals, and the

---

[1] *See Desmond v. State*, 99 A.3d 226, at *1 (Del. Aug. 1, 2014).

Supreme Court of the United States since his 1992 conviction. These filings have sought to reduce Defendant's sentence and overturn his conviction. As recently as December 2020, this Court denied Defendant's Fifteenth Motion for Post Conviction Relief.[2]

3. Presently before the Court is Defendant's Request to File a Post Conviction Motion to vacate the eight (8) counts of robbery in lieu of the United State Supreme Court's recent decision *Wooden v. United States*. [3] This Request represents Defendant's sixteenth (16th) attempt to receive relief under Rule 61.

4. Before addressing the substance of Defendant's claims in the Motion, the Court must determine whether Defendant's claim is procedurally barred. Under Rule 61, a "motion for postconviction relief may not be filed more than one year after the judgment of conviction is final or, if it asserts a retroactively applicable right that is newly recognized after the judgment of conviction is final, more than one year after the right is first recognized by the Supreme Court of Delaware or by the United States Supreme Court." Second or subsequent motions for post-conviction relief under Rule 61 must be summarily dismissed unless Defendant pleads with particularity (i) that new evidence exists that creates a strong inference of actual innocence on the part of the Defendant or (ii) pleads

---

[2] *See State v. Desmond*, 2020 WL 7584973 (Del. Super. Ct. Dec. 21, 2020).
[3] 142 S.Ct. 1063 (Mar. 7, 2022).

that a new and retroactively applicable rule of constitutional law has been established by the Supreme Court of Delaware or the United States Supreme Court which would render Defendant's sentence invalid.[4]

5. As previously mentioned, this is Defendant's sixteenth Rule 61 motion. As such, Defendant's Motion must demonstrate that one of the two exceptions to summary dismissal of secondary or subsequent Rule 61 motions applies in order to prevail. Defendant's Motion does not assert that any new evidence in this case exists.

6. Defendant claims that the second exception to summary dismissal applies. Defendant argues that *Wooden* prohibits this Court from imposing multiple sentences for one single offense as this Court did in Defendant's case. However, the *Wooden* decision addresses not a constitutional requirement, but a provision of the Armed Career Criminal Act (ACCA) – the occasion requirement.[5] Thus, *Wooden* establishes no new and retroactively applicable rule of constitutional law. As to the second requirement, while *Wooden* does resolve a split of authority, the decision is inapplicable to Defendant's sentence as it is based on a federal statute, not a Delaware criminal law.

---

[4] Del. R. Super. Ct. RCRP. 61 (d)(2) (i-ii).

[5] 18 U.S.C. §922(g) prohibits felons from being in possession of firearms. The ACCA sets a mandatory minimum sentence of 15 years for §922(g) offenders with at least three prior convictions for specified felonies committed on occasions different from one another. §924(e)(1).

7. In *Wooden*, the defendant burglarized ten (10) units in a single storage facility and plead guilty to ten (10) counts of burglary.[6] The *Wooden* defendant appealed his conviction, claiming that the Armed Career Criminal Act (ACCA) was not triggered in his case because he had burglarized the ten storage units on a single occasion rather than "on occasions different from one another" (the occasion requirement).[7] The United States Supreme Court found for the *Wooden* defendant and ordered the case remanded to the Sixth Circuit, with the Court holding that *Wooden's* convictions "arose from a closely related set of facts occurring on the same night, at the same place – making up … 'a single criminal episode.'"[8] Thus, the requirements for the ACCA to be triggered were not met.

8. The *Wooden* decision does not create a new applicable rule of constitutional law. The decision was not based on the constitution which would, at this point, is what would trigger the right to a post conviction review in

---

[6] *Wooden*, 142 S.Ct. at 1068.

[7] *Id.* at *9 (citing 18 U.S.C. § 924(e)(1)).

[8] *Id.* at 1074. "Offenses committed close in time, in an uninterrupted course of conduct, will often count as part of one occasion; not so offenses separated by substantial gaps in time or significant intervening events. Proximity of location is also important; the further away crimes take place, the less likely they are components of the same criminal event. And the character and relationship of the offenses may make a difference: The more similar or intertwined the conduct giving rise to the offenses – the more, for example, they share a common scheme or purpose – the more apt they are to compose one occasion." *Id.* at 1071. This was the approach articulated by the Court in *Wooden* in its discussion of the "occasion requirement" of the ACCA.

Defendant's case. Therefore, Defendant is not entitled to relief under Rule 61 because no new constitutional rule was established in *Wooden*.[9]

9. Even assuming *Wooden* establishes a new rule of constitutional law – which it does not – *Wooden* is inapplicable to Defendant's sentence. In *Wooden*, the defendant burglarized ten storage units on a single occasion, meaning in a single night and in a single uninterrupted course of conduct. The record reflects that Desmond was charged for a series of robberies which took place at multiple supermarkets and pharmacies in the Wilmington area between December 1990 and October of 1991. Defendant's present Motion does not plead with particularity that he was charged with multiple Theft counts stemming from a single occasion. Whereas the *Wooden* defendant committed ten burglaries at one location and during one night, Defendant committed a series of separate robberies in different incidents over the course of several months. Defendant's crime spree over the course of nearly a full year does not constitute a "single occasion" for ACCA application purposes.

10. In sum, Defendant's present Motion is presumptively barred by the prohibition on successive Rule 61 motions. Since Defendant has not pleaded with

---

[9] This Court also notes that it is insufficient for the Defendant to merely show that a new rule of constitutional law was established – which Defendant is unable to do in his case. Additionally, Defendant must show that the new rule of constitutional law was "made retroactive to cases on collateral review by the United States Supreme Court or Delaware Supreme Court[.]" Del. R. Super. Ct. RCRP. 61 (d)(ii). Defendant fails to make this showing and, thus, post conviction relief is inappropriate on this basis alone.

particularity that an exception to this procedural bar applies, his current Motion must be summarily **DENIED**.

**IT IS SO ORDERED.**

_/s/ Francis J. Jones, Jr._
Francis J. Jones, Jr., Judge.

/jb

*Original to Prothonotary*
cc:    Jamie McCloskey, Esquire
        Elise Wolpert, Esquire